FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
3/30/2023 6:24 PM
JAMIE SMITH
DISTRICT CLERK
23DCCV0169

CAUSE NO. _____

| | | |
|---|---|---|
| GERALINE GREEN | § § § | IN THE DISTRICT COURT OF |
| VS | § § | JEFFERSON COUNTY, TEXAS |
| LUIS SILVA, PV HOLDING CORP., AND PV HOLDING CORP. D/B/A P VEHICLE HOLDING CORP. | § § § § | \_\_\_\_ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF THE COURT:

COMES NOW GERALDINE GREEN, last three digits of Social Security Number are 153, hereinafter styled Plaintiff, complaining of LUIS SILVA, PV HOLDING CORP. and PV HOLDING CORP. D/B/A P VEHICLE HOLDING CORP., hereinafter styled Defendants and for cause of action would show unto the Court as follows:

I.

Discovery is intended to be conducted under Level 3 of Texas Rules of Civil Procedure 190.

II.

Plaintiff is a resident of Jefferson County, Texas.

Defendant, LUIS SILVA, is a resident of Los Angeles County and may be served with citation at his residence located at 8023 Golden Avenue, South Gate, California 90280.

Defendant, PV HOLDING CORP., is a company doing business in the State of Texas. Service may be made by serving its registered agent for service, Corporation Service Company D/B/A CSC-Lawyers Incorporated, 701 Brazos Street, Suite 1050, Austin, Texas 78701.

Defendant, PV HOLDING CORP. D/B/A P VEHICLE HOLDING CORP., is a company doing business in the State of Texas. Service may be made by serving its registered agent for service,

1

Corporation Service Company D/B/A CSC-Lawyers Incorporated, 701 Brazos Street, Suite 1050, Austin, Texas 78701.

III.

In the event any party is misnamed or is not included herein, it is the Plaintiff's contention that such was a misidentification, misnomer, and/or such parties are/were alter egos of the parties named herein. Alternatively, Plaintiff contends that any corporate veils or other contrivances should be pierced to hold such parties properly included in the interest of justice.

Plaintiff expressly reserves the right under TRCP Rule 28 to have the true name(s) of the parties substituted at a later time upon motion to the Court.

IV.

The Court has jurisdiction over the controversy because the damages are in excess of the minimum jurisdictional limits of the Court.

V.

Venue is proper in Jefferson County, Texas because a substantial part of the events or omissions giving rise to the claim occurred in said county.

VI.

Plaintiff alleges that on or about June 22, 2021, she was involved in an automobile collision with the Defendants. Said collision was caused by one or more negligent acts and/or omissions on the part of the Defendants, which negligent acts were the proximate cause of personal injuries to Plaintiff.

On or about June 22, 2021, Plaintiff GERALDINE GREEN was traveling northbound in the 3100 block of Magnolia Avenue in Beaumont, Jefferson County, Texas. As Plaintiff was crossing the intersection of Wiess Street and Magnolia Avenue, Defendant LUIS SILVA suddenly and without

warning failed to yield the right of way at the stop sign, causing the collision in question. At the time of the collision, Defendant LUIS SILVA was driving the vehicle that caused the collision. The vehicle that Defendant LUIS SILVA was driving, was owned by Defendant PV HOLDING CORP. Defendant PV HOLDING CORP. gave permission to Defendant LUIS SILVA to operate the motor vehicle, even though they knew him to be a reckless driver and/or incompetent driver. Such negligence was the proximate cause of the collision subject of this suit, because the negligence of Defendant LUIS SILVA, to whom the vehicle was entrusted was the proximate cause of the collision.

That as a result of said collision, Plaintiff sustained severe property damage, as well as severe and permanent personal injuries and damages to her chest, neck, arm and body generally.

The collision and all damages and injuries resulting there from, were not caused by or contributed to by Plaintiff nor did same occur through any fault or negligence on the part of the Plaintiff, but were caused solely by the acts, wrongs, and/or omissions of the Defendants, which said acts, wrongs and/or omissions were the proximate cause of the injuries and damages sustained by Plaintiff.

VII.

On the occasion in question, the Defendant was guilty of certain acts, wrongs, and/or omissions, each and all amounting to negligence. Said acts, wrongs, and/or omissions include, without limitation, the following:

(1)   In failing to keep a proper lookout;

(2)   In driving in a negligent/ recklessly and unsafe manner;

(3)   In failing to yield the right of way to the oncoming traffic;

(4)   Driver inattentiveness;

(5)   Negligence per se in violation of Sections 545.151 of the Texas Transportation Code; and

3

(6) Committing various acts and/or omissions and all amounting to willful, wanton disregard, reckless and/or negligence, both statutory and common law, to be specified in detail at the time of trial.

VIII.

The accident described above, and the ensuing damages and personal injuries sustained by Plaintiff was proximately caused by various acts, wrongs, and/or omissions on the part of the Defendants, and each and all of said acts, wrongs, and/or omissions amounted to negligence on the part of the Defendants.

IX.

As a result of the injuries Plaintiff sustained, due to the incident made the basis of this suit, Plaintiff has incurred necessary hospital and medical expenses in the past, and Plaintiff will continue to incur medical expenses in connection with said injuries for an undetermined length of time in the future.

Plaintiff would further show that as a result of the negligence of the Defendants, and the injuries to Plaintiff caused solely by the said negligence of said Defendants, Plaintiff has experienced physical pain, suffering, mental anguish, disfigurement and physical impairment in the past; and, in all probability, will be forced to endure physical pain, suffering, mental anguish, disfigurement and physical impairment for an undetermined length of time in the future and probably for the rest of her life.

X.

Plaintiff would show that the damages to be awarded herein is a matter lying largely, if not entirely, within the province of the Jury. In this regard, Plaintiff requests that the Jury award his fair and reasonable compensation for his damages. Based on the information currently available to Plaintiff,

Plaintiff seeks monetary relief according to Texas Rules of Civil Procedure 47(c)(1) each to fairly and reasonably compensate her for her injuries, damages and losses.

Plaintiff also assert a claim for prejudgment interest for all elements of damages that such interest is allowed for.

## XI.
## RULE 193.7 NOTICE

Plaintiff hereby puts Defendants on notice that Plaintiff intends to use all Defendants' discovery responses as evidence at trial in accordance with such right and privileges established by Texas Rules of Civil Procedure 193.7.

## XII.
## REQUESTS FOR DISCLOSURE

Under the authority of Texas Rules of Civil Procedure 194, Plaintiff requests that, within thirty (30) days after the filing of the first answer or general appearance, Defendants discloses the information or material described in Rule 194.2(b).

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendants be cited to appear and answer herein as the law directs, and that upon final hearing, Plaintiff have and recover judgment of and from the Defendants pursuant to the above and foregoing allegations in such amounts as hereinabove set out and as the evidence may show proper at the time of trial; together with interest thereon at the legal rate, costs of Court, and for such other and further relief, both general and special, at law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**PROVOST ★ UMPHREY LAW FIRM, L.L.P.**
350 Pine Street, Suite 1100
P.O. Box 4905
Beaumont, Texas 77704
(409) 835-6000
FAX: (409) 813-8605

BY: _____
SEAN C. VILLERY-SAMUEL
State Bar No. 24070802
svillery-samuel@pulf.com

ATTORNEYS FOR PLAINTIFF

**JURY DEMAND**

Plaintiff respectfully requests a trial by jury.

_____
SEAN C. VILLERY-SAMUEL

6